**B104 (FORM 104) (08/07) EDVA**

| **ADVERSARY PROCEEDING COVER SHEET** (Instructions on Reverse) | **ADVERSARY PROCEEDING NUMBER** (Court Use Only) |
|---|---|
| **PLAINTIFFS** Lance Kendall Jennings | **DEFENDANTS** Eugene Parrish |
| **ATTORNEYS** (Firm Name, Address, and Telephone No.)<br>Ellen P. Ray, Main Street Law Offices<br>1701 W. Main Street, Richmond, VA 23220<br>(804)355-1800 | **ATTORNEYS** (If Known) |
| **PARTY** (Check One Box Only)<br>X Debtor ☐ U.S. Trustee/Bankruptcy Admin ☐☐<br>☐ Creditor ☐ Other ☐☐<br>☐ Trustee ☐ | **PARTY** (Check One Box Only)<br>☐ Debtor ☐ U.S. Trustee/Bankruptcy Admin ☐☐<br>X Creditor ☐ Other ☐☐<br>☐ Trustee ☐ |

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED) Complaint Seeking Turnover of garnished wages of debtor received by creditor after chapter 7 petition was filed pursuant to Sections 541 and 542 of the U.S. Bankruptcy Code.

**NATURE OF SUIT** (Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

**FRBP 7001(1) – Recovery of Money/Property  1.** 11-Recovery of money/property - §542 turnover of property ☐ 12-Recovery of money/property - §547 preference ☐ 13-Recovery of money/property - §548 fraudulent transfer ☐ 14-Recovery of money/property - other ☐ 21-Validity, priority or extent of lien or other interest in property **FRBP 7001(2) – Validity, Priority or Extent of Lien** ☐ 31-Approval of sale of property of estate and of a co-owner - §363(h) **FRBP 7001(3) – Approval of Sale of Property FRBP 7001(4) – Objection/Revocation of Discharge** ☐ 41-Objection / revocation of discharge - §727(c),(d),(e) ☐ 51-Revocation of confirmation **FRBP 7001(5) – Revocation of Confirmation** ☐ 66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims **FRBP 7001(6) – Dischargeability** ☐ 62-Dischargeability - §523(a)(2), false pretenses, false representation, actual fraud ☐ 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement, larceny **(continued next column) FRBP 7001(6) – Dischargeability (continued)** ☐ 61-Dischargeability - §523(a)(5), domestic support ☐ 68-Dischargeability - §523(a)(6), willful and malicious injury ☐ 63-Dischargeability - §523(a)(8), student loan ☐ 64-Dischargeability - §523(a)(15), divorce or separation obligation   (other than domestic support) ☐ 65-Dischargeability - other **FRBP 7001(7) – Injunctive Relief** ☐ 71-Injunctive relief – imposition of stay ☐ 72-Injunctive relief – other **FRBP 7001(8) Subordination of Claim or Interest** ☐ 81-Subordination of claim or interest **FRBP 7001(9) Declaratory Judgment** ☐ 91-Declaratory judgment **FRBP 7001(10) Determination of Removed Action** ☐ 01-Determination of removed claim or cause **Other** ☐ SS-SIPA Case – 15 U.S.C. §§78aaa *et.seq.* ☐ 02-Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy case) ☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐

| ☐ Check if this case involves a substantive issue of state law | ☐ Check if this is asserted to be a class action under FRCP 23 ☐ |
|---|---|
| ☐ Check if a jury trial is demanded in complaint ☐ | Demand $ 1,460.47 |
| Other Relief Sought : Contempt against Defendant and payment of plaintiff's attorney's fees, costs and punitive damages for this complaint | |

| BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES | | | |
|---|---|---|---|
| NAME OF DEBTOR<br>Lance Kendall Jennings and Stacy Naomi Jennings | BANKRUPTCY CASE NO. 11-32022 | | |
| DISTRICT IN WHICH CASE IS PENDING<br>Eastern District of Virginia | DIVISION OFFICE<br>Richmond Division | NAME OF JUDGE<br>Douglas O. Tice | |
| **RELATED ADVERSARY PROCEEDING (IF ANY)** | | | |
| PLAINTIFF | DEFENDANT | | ADVERSARY PROCEEDING NO. |
| DISTRICT IN WHICH ADVERSARY IS PENDING | DIVISION OFFICE | NAME OF JUDGE | |
| SIGNATURE OF ATTORNEY (OR PLAINTIFF)<br>/s/ Ellen P. Ray | | | |
| DATE 6/7/2011 | PRINT NAME OF ATTORNEY (OR PLAINTIFF)<br>Ellen P. Ray | | |

## INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also complete and file Form 104, the Adversary Proceeding Cover Sheet, *unless the party files the adversary proceeding electronically through the court's Case Management/Electronic Case Filing system (CM/ECF). (CM/ECF captures the information on Form 104 as part of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs** and **Defendants.** Give the names of the plaintiffs and defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party**. Check the most appropriate box in the first column for the plaintiffs and the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not represented by an attorney, the plaintiff must sign.

*Per LBR 7003-1, in the EDVA, a properly completed Adversary Proceeding Cover Sheet is required.

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF VIRGINIA**
Richmond Division

| | |
|---|---|
| IN RE: LANCE KENDALL JENNINGS, STACY NAOMI JENNINGS<br>*Debtor* | |
| LANCE KENDALL JENNINGS<br>*Plaintiff*<br>v.<br>EUGENE PARRISH<br>P.O. Box 853<br>Sandston, VA 23150<br>*Defendant* | Case No. 11-32022-T<br><br>Adv. Proc. No. _____ |

## COMPLAINT SEEKING TURNOVER OF PROPERTY

1. This case was commenced by Debtors/Plaintiffs, Lance Kendall Jennings and Stacy Naomi Jennings, by filing a voluntary petition under chapter 7 of the Bankruptcy Code on March 28, 2011.

2. This complaint is filed, pursuant to 11 U.S.C. § 541 and 542, to seek turnover of property of the estate, to wit: garnished wages of Mr. Jennings received by the defendant, Eugene Parrish, after proper notice to him of the case filing and well after the case was filed by the debtors. This Court has jurisdiction under 28 U.S.C. § 1334. This proceeding is a core proceeding.

3. This chapter 7 case was filed on March 28, 2011, and the defendant, Mr. Eugene Parrish, was listed on Schedule F of the petition with the address he gave the Henrico General District Court on or about November 5, 2010 when he filed a Garnishment Summons against Mr. Jennings for payment of a judgment for rent owed to Mr. Parrish. The judgment for the debt had been entered by the Henrico General District Court on December

21, 2009, according to the information provided by Mr. Parrish on the Garnishment Summons. The return date for the garnishment summons was set for April 22, 2011, almost a month after the filing of this chapter 7 case. Counsel for debtors in this case faxed notice to the Henrico General District Court on the same date the bankruptcy case was filed but had no way of reaching the creditor, Mr. Parrish, other than by mail. Notice of the case filing was mailed to Mr. Parrish by the court and was not returned to counsel for the debtors as undelivered.

    4. On May 5, 2011, after discovering that the Henrico General District Court had turned over the garnished funds in the amount of $1,460.47 to Mr. Parrish despite the faxed notice of the bankruptcy filing, counsel for debtors mailed a letter to Mr. Parrish in which she advised him of the law and enclosed a copy of the properly filed homestead deed recorded on April 5, 2011, before he received the garnished wages as well as a copy of the notice of filing and the list of creditors clearly including Mr. Parrish as a creditor. A copy of this letter is attached and marked as Exhibit A. Counsel for debtor received as a response to her letter, a letter dated May 12, 2011, from Mr. Parrish which denied receiving any notice and also claimed a right to the monies collected well after the filing of the case and the homestead deed for the debtors. A copy of this letter is attached and marked as Exhibit B

    5. On May 20, 2011, counsel for debtors mailed a second letter to Mr. Parrish demanding that he comply with the request to turnover the garnishment funds to the trustee, pursuant to bankruptcy law and that, in the alternative, he seek legal counsel immediately as he was in violation of bankruptcy law by refusing to return the garnished wages. A copy of this letter is attached and marked as Exhibit C. In response to counsel's second letter, Mr. Parrish sent a letter dated May 25, 2011, in which he stated that he did not have the money anymore and could not return it as he was currently in a chapter 13 himself. A copy of this

letter is attached and marked as Exhibit D. Upon receiving this second letter from Mr. Parrish, counsel searched the Court's website and discovered that Mr. Parrish was indeed in a chapter 13 which he had filed in the Eastern District of Virginia, Richmond Division, with aid of counsel, on September 2, 2010. Counsel for debtors further discovered, upon review of the schedules filed in Mr. Parrish's case, that no mention of the debt owed to him by Mr. and Mrs. Jennings was made in any part of his schedules despite the fact that he had gotten judgment against them in 2009, well before the filing of his chapter 13 and the fact that he filed the garnishment summons against Mr. Jennings in November of 2010, approximately 60 days after filing his own chapter 13 case. A copy of the filing information retrieved from the Court's website by counsel for Plaintiff is attached and marked as Exhibit E and a copy of the garnishment summons filed by Mr. Parrish against Mr. Jennings is attached and marked as Exhibit F.

6. The chapter 7 trustee in this matter has filed a report of No Distribution in this case. The Debtors listed the garnished wages as property of the estate on his schedule B and exempted it on Schedule C and in a properly filed homestead deed and proper notice was given to Mr. Parrish of the filing of this case.

7. The aforesaid transfer to Defendant was not voluntary nor, unlike the creditor in his own bankruptcy case, did the Debtors conceal any of the property involved.

8. Upon receipt of the notice of the filing of the case and demand that the funds be turned over, the Defendant was required pursuant to 11 U.S.C. Section 542, to turn over this exempt property to the trustee in this case.

9. Under 11 U.S. C. 522, the Debtor is entitled to possession of properly exempted property of the estate that has been abandoned by the trustee. Nonetheless, Defendant has refused to turn over the property as required by 11 U.S.C. Section 542.

WHEREFORE, Plaintiff prays that this Court:

a. Order Defendant forthwith to turn over the Debtor's garnished wages to the trustee or the Debtor;

b. Find that the Defendant is in contempt of Court for violating 11 U.S.C. Sections 362 and 542;

c. Award Plaintiff, pursuant to 11 U.S.C. Sections 105(a) and 362(k) damages, reasonable attorney fees in the amount of $210.00 per hour, costs and punitive damages for this complaint; and

d. Order such other relief as is just and proper.

Date: 6-7-2011

\_\_\_/s/ Ellen P. Ray_____
Ellen P. Ray
Attorney for Debtor
1701 W. Main Street
Richmond, VA 23220
Va. State Bar No. 32286
(804) 355-1800

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF VIRGINIA**
Richmond Division

| | |
|---|---|
| IN RE: LANCE KENDALL JENNINGS, } <br>      STACY NAOMI JENNINGS } <br>      *Debtor* } <br> } <br> LANCE KENDALL JENNINGS } <br> } <br>      *Plaintiff* } <br> } <br>      v. } <br> } <br> EUGENE PARRISH } <br> P.O. Box 853 } <br> Sandston, VA 23150 } <br> } <br>      *Defendant* } | Case No. 11-32022-T <br><br> Adv. Proc. No. _____ |

## COMPLAINT SEEKING TURNOVER OF PROPERTY

    1.  This case was commenced by Debtors/Plaintiffs, Lance Kendall Jennings and Stacy Naomi Jennings, by filing a voluntary petition under chapter 7 of the Bankruptcy Code on March 28, 2011.

    2.  This complaint is filed, pursuant to 11 U.S.C. § 541 and 542, to seek turnover of property of the estate, to wit: garnished wages of Mr. Jennings received by the defendant, Eugene Parrish, after proper notice to him of the case filing and well after the case was filed by the debtors.  This Court has jurisdiction under 28 U.S.C. § 1334.  This proceeding is a core proceeding.

    3.  This chapter 7 case was filed on March 28, 2011, and the defendant, Mr. Eugene Parrish, was listed on Schedule F of the petition with the address he gave the Henrico General District Court on or about November 5, 2010 when he filed a Garnishment Summons against Mr. Jennings for payment of a judgment for rent owed to Mr. Parrish.  The judgment for the debt had been entered by the Henrico General District Court on December

21, 2009, according to the information provided by Mr. Parrish on the Garnishment Summons. The return date for the garnishment summons was set for April 22, 2011, almost a month after the filing of this chapter 7 case. Counsel for debtors in this case faxed notice to the Henrico General District Court on the same date the bankruptcy case was filed but had no way of reaching the creditor, Mr. Parrish, other than by mail. Notice of the case filing was mailed to Mr. Parrish by the court and was not returned to counsel for the debtors as undelivered.

  4. On May 5, 2011, after discovering that the Henrico General District Court had turned over the garnished funds in the amount of $1,460.47 to Mr. Parrish despite the faxed notice of the bankruptcy filing, counsel for debtors mailed a letter to Mr. Parrish in which she advised him of the law and enclosed a copy of the properly filed homestead deed recorded on April 5, 2011, before he received the garnished wages as well as a copy of the notice of filing and the list of creditors clearly including Mr. Parrish as a creditor. A copy of this letter is attached and marked as Exhibit A. Counsel for debtor received as a response to her letter, a letter dated May 12, 2011, from Mr. Parrish which denied receiving any notice and also claimed a right to the monies collected well after the filing of the case and the homestead deed for the debtors. A copy of this letter is attached and marked as Exhibit B

  5. On May 20, 2011, counsel for debtors mailed a second letter to Mr. Parrish demanding that he comply with the request to turnover the garnishment funds to the trustee, pursuant to bankruptcy law and that, in the alternative, he seek legal counsel immediately as he was in violation of bankruptcy law by refusing to return the garnished wages. A copy of this letter is attached and marked as Exhibit C. In response to counsel's second letter, Mr. Parrish sent a letter dated May 25, 2011, in which he stated that he did not have the money anymore and could not return it as he was currently in a chapter 13 himself. A copy of this

letter is attached and marked as Exhibit D. Upon receiving this second letter from Mr. Parrish, counsel searched the Court's website and discovered that Mr. Parrish was indeed in a chapter 13 which he had filed in the Eastern District of Virginia, Richmond Division, with aid of counsel, on September 2, 2010. Counsel for debtors further discovered, upon review of the schedules filed in Mr. Parrish's case, that no mention of the debt owed to him by Mr. and Mrs. Jennings was made in any part of his schedules despite the fact that he had gotten judgment against them in 2009, well before the filing of his chapter 13 and the fact that he filed the garnishment summons against Mr. Jennings in November of 2010, approximately 60 days after filing his own chapter 13 case. A copy of the filing information retrieved from the Court's website by counsel for Plaintiff is attached and marked as Exhibit E and a copy of the garnishment summons filed by Mr. Parrish against Mr. Jennings is attached and marked as Exhibit F.

  6. The chapter 7 trustee in this matter has filed a report of No Distribution in this case. The Debtors listed the garnished wages as property of the estate on his schedule B and exempted it on Schedule C and in a properly filed homestead deed and proper notice was given to Mr. Parrish of the filing of this case.

  7. The aforesaid transfer to Defendant was not voluntary nor, unlike the creditor in his own bankruptcy case, did the Debtors conceal any of the property involved.

  8. Upon receipt of the notice of the filing of the case and demand that the funds be turned over, the Defendant was required pursuant to 11 U.S.C. Section 542, to turn over this exempt property to the trustee in this case.

  9. Under 11 U.S.C. 522, the Debtor is entitled to possession of properly exempted property of the estate that has been abandoned by the trustee. Nonetheless, Defendant has refused to turn over the property as required by 11 U.S.C. Section 542.

WHEREFORE, Plaintiff prays that this Court:

a. Order Defendant forthwith to turn over the Debtor's garnished wages to the trustee or the Debtor;

b. Find that the Defendant is in contempt of Court for violating 11 U.S.C. Sections 362 and 542;

c. Award Plaintiff, pursuant to 11 U.S.C. Sections 105(a) and 362(k) damages, reasonable attorney fees in the amount of $210.00 per hour, costs and punitive damages for this complaint; and

d. Order such other relief as is just and proper.

Date: 6-7-2011 ___/s/ Ellen P. Ray_____
Ellen P. Ray
Attorney for Debtor
1701 W. Main Street
Richmond, VA 23220
Va. State Bar No. 32286
(804) 355-1800

Ellen P. Ray
John G. LaFratta
Seth J. Marks

# MAIN STREET LAW OFFICE
ATTORNEYS AND COUNSELORS AT LAW

Richmond (804) 355-1800

1701 West Main Street
Richmond, Virginia 23220-4634

Fax (804) 355-1700

May 5, 2011

Mr. Eugene Parrish
PO Box 853
Sandston, VA 23150

RE: Debtor:              Lance Jennings
    SSN:                 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
    Lawsuit:             Eugene Parish v. Lance Jennings
    Bankruptcy Case No.: 11-32022
    Date of Filing:      March 28, 2011

Dear Mr. Parrish:

I represent the above reference debtor in an action for bankruptcy filed in the United States Bankruptcy Court. This letter will serve as notice that pursuant to Title 11 United States Code Section 362(a)(1) an automatic stay issued by the Federal Bankruptcy Court was in place as of March 28, 2011, as to the debtor listed above and that, pursuant to federal law, all state court collection actions against Mr. Jennings were to be terminated after that date. Notice was sent by fax to the Henrico County General District Court and by mail to you at the address listed on the Garnishment Summons you filed with the Henrico County General District Court. Despite this notice, it has come to my attention that you appeared at the return date set for the garnishment action on April 22, 2011, and picked up the garnishment check sent to the court by Mr. Jennings employer.

While, as a private citizen without legal representation in this proceeding, I understand that you may not be aware of the federal bankruptcy laws and may not have read the notice you received from the bankruptcy court well before the state court return date, the continuation of the court proceeding for collection was in violation of federal law and you must now send all monies you received from the court on April 22, 2011, to the chapter 7 trustee in this matter. Please forward $1,460.00 to Mr. Bruce Robinson, chapter 7 trustee, at PO Box 538, South Hill, VA 23970, within the next 10 days and copy me on that transmittal in order to avoid a court proceeding in the Federal Bankruptcy Court which could result in your having to pay my attorney fees for pursuing this matter further.

I appreciate your cooperation and prompt attention to this matter and am

Very truly yours,


Ellen P. Ray, Esq.
cc:\file

Enclosures:
Proof of filing
Copy of Garnishment summons
Copy of Recorded Homestead Deed

Cc:\ Lance Jennings
   315-D Shetland Ct.
   Richmond, VA 23227

P. O. Box 853
Sandston, VA   23150

May 12, 2011

Ellen P. Ray, Esq.
Main Street Law Office
1701 West Main Street
Richmond, VA   23220-4634

**SUBJECT: Lance Jennings Bankruptcy Case No. 11-32022 - Filed 3/28/11**

Dear Ms. Ray,

In response to your letter dated 5/5/11. I have not received any notice regarding a Bankruptcy Filing by Mr. Lance Jennings as of this day as you indicated in your letter.

I have also spoke with the Henrico General District Court and Mr. Jennings employer regarding my garnishment deductions from Mr. Jennings check.

The last payroll deduction for my garnishment by Mr. Jennings's employer was on **3/18/11** in the amount of $145.04. Check #50370208. Those monies were received by Henrico General District Court on **3/25/11** prior to the <u>**Chapter 7 filing on 3/28/11**</u> as stated in your letter. There have not been any monies deducted on behalf of my garnishment since the bankruptcy filing on 3/28/11.

If you would like for me to provide you with documents from the Henrico County General District and Mr. Jennings's employer verifying that garnishment deduction was stopped prior to the March 28th bankruptcy filing, I will be happy to do so.

Please feel free to contact me at (804) 737-0169 or write me at my address above.

Sincerely,

*[signature]*
Eugene Parrish

| | | |
|---|---|---|
| Ellen P. Ray<br>John G. LaFratta<br>Seth J. Marks | **MAIN STREET LAW OFFICE**<br>ATTORNEYS AND COUNSELORS AT LAW<br>———————————<br>1701 West Main Street<br>Richmond, Virginia 23220-4634 | Richmond (804) 355-1800<br><br>Fax (804) 355-1700 |

May 20, 2011

Mr. Eugene Parrish
PO Box 853
Sandston, VA 23150

RE:  Debtor:              Lance Jennings
     SSN:                 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
     Lawsuit:             Eugene Parish v. Lance Jennings
     Bankruptcy Case No.: 11-32022
     Date of Filing:      March 28, 2011

Dear Mr. Parrish:

I am in receipt of your letter written to me in response to my letter to you and dated May 11, 2011. I have enclosed a copy of the Bankruptcy Code section that describes what is part of the bankruptcy estate upon the filing of a bankruptcy petition under chapter 7 of the Code. The money you picked up from the court well after the filing of the case is most certainly a part of the estate of Mr. Jennings no matter when it was taken from his check in that the state court proceeding is stayed by Section 362 of the Code upon the filing of the petition.

I am now advising you strongly to seek counsel from an attorney who practices in the bankruptcy field and either have him or her call me to discuss your position or please forward the money to the trustee immediately. Neither this letter nor the one I have previously written to you was simply in the hopes that you would cooperate regardless of the law but is an attempt to let you know that you are now in violation of the Bankruptcy Law because a federal stay was in place at the time you picked up the funds and that stay exists whether or not you received actual notice at the time or not. As I have previously said, the court sent notice to you at the address you listed on your garnishment summons against Mr. Jennings and that notice was not returned to me as it would have been if it was not deliverable but whether you got notice or not, the money is not yours to keep at this time.

Again, I am writing to you with this information rather than immediately filing a motion for turnover the money and for sanctions which will include my attorney's fees for collection of the money from you only because I know that you are a private citizen and probably do not know the law in this area. I do not want to cause you to incur any more costs than you are already have in this matter but I must insist that you turn the money over to the trustee in compliance with the Bankruptcy Code and case law which is very clear in these matters or I will have no other choice but to file the motion and set a court date. I have previously sent you all proof of dates of filing of all papers which relate to this request and so will not enclose them in this letter but I strongly advise you to review this matter with legal counsel before making a final decision to refuse to turn the money over to the trustee.

Please forward $1,460.00 to Mr. Bruce Robinson, chapter 7 trustee, at PO Box 538, South Hill, VA 23970, within the next 10 days and copy me on that transmittal in order to avoid a court proceeding in the Federal Bankruptcy Court which could result in your having to pay my attorney fees for pursuing this matter further.

I appreciate your cooperation and prompt attention to this matter and am

Very truly yours,


Ellen P. Ray, Esq.
cc:\file
Enclosures:
U.S. Bankruptcy Code Section 541

Cc:\ Lance Jennings
    315-D Shetland Ct.
    Richmond, VA 23227

P. O. Box 853
Sandston, VA   23150

May 25, 2011

Ellen P. Ray, Esq.
Main Street Law Office
1701 West Main Street
Richmond, VA   23220-4634

**SUBJECT: Lance Jennings Bankruptcy Case No. 11-32022 - Filed 3/28/11**

Dear Ms. Ray,

In response to your letter dated 5/20/11 regarding repayment of monies I received from the garnishment of Mr. Jennings.

At this time, I do not have any means of sending in the monies that you are requesting. I am currently in bankruptcy and also unemployed at this present time.

If you could offer me any suggestions or recommendations, I will be very appreciative.

Thank you very much .

Sincerely,

*[signature]*
Eugene Parrish

# 10-36128-DOT Eugene Arnold Parrish

**Case type:** bk **Chapter:** 13 **Asset:** Yes **Vol:** v **Chief Judge:** Douglas O. Tice Jr.
**Date filed:** 09/02/2010 **Date of last filing:** 05/26/2011 **Plan confirmed:** 01/14/2011

## Query

Aliases
Associated Cases
Attorneys
Calendar - Monthly
Case Summary
Claims Register
Creditor Mailing Matrix
Creditors
Deadlines/Hearings
Docket Report ...
Filers
History/Documents
Judge

Motions Report
Notice of Bankruptcy Case Filing
Parties
Related Transactions
Status
Trustee

501-4727

$1960.00
Plaintiff pick up
HEARING DATE & TIME  up 4/22/11
4/22/11
8:30

**GARNISHMENT SUMMONS**

CASE NO. GV09 2357I-04

JUDGMENT CREDITOR'S NAME: PARRISH, EUGENE
STREET ADDRESS: P.O. BOX 853
CITY, STATE, ZIP: Sandston, VA 23150
TELEPHONE NUMBER: 804-737-0169

JUDGMENT CREDITOR'S ATTORNEY'S NAME:
ADDRESS:
TELEPHONE NUMBER:

JUDGMENT DEBTOR'S NAME (SERVE): JENNINGS, LANCE
STREET ADDRESS: 355 Hardwood Lane
CITY, STATE, ZIP: Hanover, VA 23069
SOCIAL SECURITY NUMBER: 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   TELEPHONE NUMBER:

GARNISHEE'S NAME: WALMART
STREET ADDRESS: 7901 Brook Rd.
CITY, STATE, ZIP: Richmond, VA 23227    TELEPHONE NUMBER: (804) 553-8432
DATE OF JUDGMENT: 12-21-09

STATEMENT
Judgment Principal  $2208.05
Credits             1364.28
Interest             192.70
Judgment Costs        65.00
Attorney's Fees
Garnishment Costs    351.60
TOTAL BALANCE DUE   1460.47
The garnishee shall rely on this amount.

**GARNISHMENT SUMMONS**

This is a garnishment against (check only one)
[ ] the judgment debtor's wages, salary or other compensation.
[ ] some other debt due or property of the judgment debtor, specifically,

MAXIMUM PORTION OF DISPOSABLE EARNINGS SUBJECT TO GARNISHMENT
[ ] Support
    [ ] 50%  [ ] 55%
    [ ] 60%  [ ] 65%
    (if not specified, then 50%)
[ ] state taxes, 100%
If none of the above are checked, then § 34-29(a) applies (a plain-language interpretation of this section is on the reverse of this GARNISHMENT SUMMONS).

$ ............
received by

................. JUDGMENT CREDITOR
[ ] Judgment debtor present
................. DATE

10/22

65125

---

**GARNISHMENT SUMMONS**
Commonwealth of Virginia Va. Code §§ 8.01-511, 8.01-512.3

HENRICO ................. General District Court
COURT NAME
Parham and Hungary Springs Rd., P.O. Box 90775, Henrico, VA 23228-075
COURT ADDRESS AND TELEPHONE NUMBER

TO ANY AUTHORIZED OFFICER: You are hereby commanded to serve this summons on the judgment debtor and the garnishee.

TO THE GARNISHEE: You are hereby commanded to (1) file a written answer with this court, or (2) deliver payment to this court, or (3) appear before this court on the hearing date and time shown on this summons to answer the Suggestion for Summons in Garnishment of the judgment creditor that, by reason of the lien of writ of fieri facias, there is a liability as shown in the statement upon the garnishee.

As garnishee, you shall withhold from the judgment debtor any sums of money to which the judgment debtor is or may be entitled from you during the period between the date of service of this summons on you and the date for your appearance in court, subject to the following limitations: (1) The maximum amount which may be "nished is the "TOTAL BALANCE DUE" as shown on this summons. (2) You shall not be liable to the ,ment creditor for any property not specified in this garnishment summons. (3) If the sums of money being garnished are earnings of the judgment debtor, then the provision of "MAXIMUM PORTION OF DISPOSABLE EARNINGS SUBJECT TO GARNISHMENT" shall apply.

If a garnishment summons is served on an employer having one thousand or more employees, then money to which the judgment debtor is or may be entitled from his or her employer shall be considered those wages, salaries, commission or other earnings which, following service on the garnishee-employer, are determined and are payable to the judgment debtor under the garnishee-employer's normal payroll procedure with a reasonable time allowance for making a timely return by mail to this court.

................. CLERK
DATE OF ISSUANCE OF SUMMONS

DATE AND TIME OF DELIVERY OF WRIT OF FIERI FACIAS TO SHERIFF IF DIFFERENT FROM DATE OF ISSUANCE OF THIS SUMMONS

TO GARNISHEE: On check or written answer, include return date, case number and judgment debtor's name. MAKE CHECK PAYABLE TO JUDGMENT CREDITOR AND DELIVER TO THE COURT.

WRIT OF FIERI FACIAS TO ANY AUTHORIZED OFFICER: You are commanded to execute this writ and to make from the intangible personal estate of the judgment debtor(s) the principal, interest, costs and attorney's less credits, shown in the Garnishment Summons. You are further commanded to make your return to the 's office according to law.
f .ostead Exemption Waived? [ ] yes [ ] no [ ] cannot be demanded ............ net of any credits.

................. CLERK
DATE OF ISSUANCE OF WRIT

**CASE DISPOSITION**

I ORDER that
[ ] the garnishee pay to the judgment creditor through the court $ ............ net of any credits.
[ ] the case be DISMISSED.
[ ] 

................. JUDGE
DATE ENTERED

FORM DC-451 (FRONT) 1/07   (A100940 9/09)